# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DONAHUE,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW NGC, INC., a/k/a NATIONAL GYPSUM COMPANY,<br><br>    Defendant. | No. C 06-3074-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR TOTAL SUMMARY JUDGMENT** |

_____

This matter comes before the court pursuant to defendant New NGC's September 23, 2008, Motion For Total Summary Judgment (docket no. 16). Plaintiff Michael Donahue filed his Resistance (docket no. 19) to New NGC's motion on October 16, 2008, and New NGC filed a Reply (docket no. 22) in further support of its motion on November 3, 2008. Neither party requested oral arguments on the motion in the manner required by N.D. IA. L.R. 7.c. and 56.g., and the court has not found oral arguments to be necessary to the disposition of the motion. Therefore, the motion is fully submitted on the written submissions.

In this action, which was removed to this federal court on November 7, 2006, *see* Defendant's Notice of Removal (docket no. 7), Donahue alleges that he was discriminated against on the basis of age, in violation of the Iowa Civil Rights Act (ICRA), IOWA CODE CH. 216, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, when he was terminated effective June 30, 2005, after his position as Human Resources and Safety Manager at New NGC's Fort Dodge, Iowa, plant was combined with the position of Office Manager into a single position of Plant Administrative Manager, and

the much younger incumbent of the Office Manager position was chosen to fill the combined position. New NGC denies Donahue's claims.

More specifically, in its Motion For Total Summary Judgment, New NGC argues that it is entitled to summary judgment on Donahue's ICRA claim, because Donahue did not file a timely charge of discrimination with the Iowa Civil Rights Commission. New NGC also contends that it is entitled to summary judgment on Donahue's ADEA claim because Donahue cannot establish a *prima facie* case of age discrimination in the context of a reduction in force (RIF), where he did not meet the qualifications of the new, combined position and there is no additional evidence that age was a factor in New NGC's decision to fill that position with a younger, better qualified person; because New NGC has offered a legitimate, non-discriminatory reason for its decision to combine the positions and keep the younger incumbent of the former Office Manager position to fill it; and because Donahue cannot demonstrate that New NGC's proffered reason is false or pretextual and there is no additional evidence from which a jury could reasonably infer that Donahue's age formed any part of the basis for New NGC's decision to terminate him or his position. Donahue responds that summary judgment in favor of New NGC on his ICRA claim is appropriate, because his administrative charge of age discrimination was not timely filed for purposes of that claim. On the other hand, he contends that New NGC is not entitled to summary judgment on his ADEA claim, because, under either a RIF or a non-RIF analysis, he can generate a *prima facie* case of age discrimination; because New NGC cannot demonstrate that its reasons for terminating him, rather than the former Office Manager, were legitimate and non-discriminatory; and because he can demonstrate that New NGC's proffered reason for his termination is false and pretextual, in light of all of the evidence, including several "red flags" indicating an age-discriminatory animus among New NGC's management.

Rule 56 of the Federal Rules of Civil Procedure provides that a defending party may move, at any time, for summary judgment in that party's favor "as to all or any part" of the claims against that party. FED. R. CIV. P. 56(b). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As this court has explained on numerous occasions, applying the standards of Rule 56, the judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *See Myers v. Tursso Co., Inc.*, 496 F. Supp. 2d 986, 991-92 (N.D. Iowa 2007) (citing cases); *see also Wright v. Winnebago Indus., Inc.*, 551 F. Supp. 2d 836, 843 (N.D. Iowa 2008) (reiterating this standard, citing *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996)). In reviewing the record, the court must view all the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Quick*, 90 F.3d at 1377.

Donahue concedes that he did not file a timely charge to support his ICRA age-discrimination claim. Therefore, the court finds that summary judgment should be granted in New NGC's favor on Donahue's ICRA claim.

On the other hand, the court has reviewed with care the submissions of the parties concerning Donahue's ADEA claim and concludes that, albeit perhaps just barely, Donahue has generated genuine issues of material fact on each of the challenged elements of that claim. *See Myers*, 496 F. Supp. 2d at 991-92 (the question on summary judgment is whether there are genuine issues of material fact for trial). The court finds that it need

not become embroiled in the parties' dispute over whether or not this case should be analyzed according to "RIF" or "non-RIF" standards. *Compare Ward v. International Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007) (in a RIF case, the elements of a *prima facie* case of age discrimination are the following: (1) the plaintiff is over 40 years old; (2) the plaintiff met the applicable job qualifications; (3) the plaintiff suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's action); *with Bearden v. International Paper Co.*, 529 F.3d 828, 832 (8th Cir. 2008) (in a non-RIF case, the elements of a *prima facie* case of age discrimination are the following: (1) the plaintiff was a member of the protected class of employees over the age of 40; (2) the plaintiff was qualified to perform his or her job, and (3) the plaintiff was replaced by a sufficiently younger person to permit an inference of age discrimination). Nor does the court find it necessary to become embroiled in the parties' related dispute of whether or not Donahue's termination was in the context of a "genuine" RIF. *See Bashara v. Black Hills Corp.*, 26 F.3d 820, 824-25 (8th Cir. 1994) (discussing indicia of a "genuine" RIF, thus requiring the four-element *prima facie* case); *Hillebrand v. M-Tron Indus., Inc.*, 827 F.2d 363, 367-68 (8th Cir. 1987) (same); *see also Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990) (a RIF "occurs when business considerations cause an employer to eliminate one or more positions"). Rather, RIF or no RIF, the viability of Donahue's age-discrimination claim ultimately comes down to whether or not there are sufficient inferences of age discrimination. *See Ward*, 509 F.3d at 460; *Bearden*, 529 F.3d at 832.

As the court mentioned above, the court finds that there are, perhaps just barely, sufficient inferences of age discrimination on the record presented in this case for Donahue's ADEA claim to go to a jury, notwithstanding that New NGC has undeniably offered a legitimate, non-discriminatory reason for choosing to fill the newly-combined

position with a younger employee rather than Donahue, *see, e.g, Ottoman v. City of Independence, Mo.*, 341 F.3d 751, 758 (8th Cir. 2003) (the burden on the employer to articulate a legitimate, non-discriminatory reason for allegedly discriminatory conduct is "'exceedingly light'") (quoting *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)), and New NGC is entitled to make even bad business decisions, so long as those business decisions are not motivated by an age-discriminatory animus. *King v. Hardesty*, 517 F.3d 1049, 1063 (8th Cir. 2008) (reiterating that "'the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination.'") (quoting *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995)). The necessary inferences of age discrimination arise in Donahue's case, *inter alia*, from the age disparity between Donahue and the person chosen to fill the combined position and their relative qualifications for the combined position; evidence, albeit some of it quite remote in time and involving different actors, suggesting that the management at New NGC frequently considered the age of applicants or incumbents, or had what Donahue calls a "continuous, pervasive anti-older employee attitude"; and comments and conduct directed at Donahue referencing his age. *But see Roeben v. BG Excelsior, L.P.*, No. 08-1260, slip op. (8th Cir. Nov. 6, 2008) (the district court properly granted summary judgment for the employer on an employee's age-discrimination claim where, even if the employee raised doubts about the employer's proffered reason for his termination, there was a "paucity of evidence supporting an inference of age discrimination"). Consequently, Donahue is entitled to try his ADEA claim to a jury.

THEREFORE, defendant New NGC's September 23, 2008, Motion For Total Summary Judgment (docket no. 16) is **granted in part and denied in part**, as follows:

(1) the motion is **granted** as to plaintiff Donahue's ICRA age-discrimination claim; but

(2) the motion is **denied** as to plaintiff Donahue's ADEA age-discrimination claim.

**IT IS SO ORDERED.**

**DATED** this 7th day of November, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA